# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11cr0938 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| WILLIAM JOHN GREEN, | |
| Defendant. | |

Defendant moves for reconsideration of this court's October 28, 2014 Order Denying Motion for an Extension of Time ("Order") to file a motion pursuant to 28 U.S.C. §2255 ("§2255 Motion"). (Ct. Dkt. 161). Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

The court denies the Motion for Reconsideration because Defendant fails to present any newly discovered evidence, clear error, or intervening change in controlling law. While no doubt exists that equitable tolling is available to toll the statute of limitations upon a showing of extraordinary circumstances, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), Defendant has not demonstrated extraordinary

- 1 -

circumstances. Defendant contends that he is unable to timely file a §2255 Motion because (1) he has not obtained the documents and transcripts needed to file a Motion; (2) a prior attorney has not forwarded the case file to Defendant; (3) the BOP has not provided him with essential medical records; and (4) he claims that he suffers from "cognitive impairment, severe illness, and numerous 2014 hospitalizations. " (Mtn. at p.5). The court notes that it has granted numerous requests by Defendant for documents and transcripts. (Ct. Dkts. 134, 135, 156). The court has denied Defendant's generalized request for copies of any letters written and received by the court in 2011 from any of his five different appointed counsel because Defendant failed to identify any specific docket entry.[1] (Ct. Dkt. 151). The letters simply do not exist. In response to Defendant's further requests for additional documents, on November 13, 2014, the court issued an order instructing Defendant to complete the appropriate CJA form and to forward it to the Court Reporter to receive additional transcripts and informed Defendant that he had already been provided with copies of the documents he requested. (Ct. Dkt. 162).

With respect to Defendant's inability to obtain BOP records, the court has no doubt that Defendant has made repeated and frequent requests for documents from the BOP. Presumably, the BOP has complied with established procedures for providing inmates with copies of medical records. Regardless, this is not an issue before the court. With respect to Defendant's own statement that he suffers from cognitive impairments, severe illness, and numerous 2014 hospitalization, such circumstances, as currently substantiated, fail to establish extraordinary circumstances warranting the tolling of the statute of limitations. The record indicates that Defendant's medical condition has not limited his ability to make copious and coherent requests from the court. As indicated in its earlier Order, the one year statute of limitations contemplates that a movant will encounter delays in filing motions brought pursuant to 28 U.S.C. §2255.

---

[1] The court notes that it does not maintain ex parte communications with counsel or the parties, unless otherwise permitted by law (and this exception does not apply to Defendant's request).

In sum, Defendant fails to establish any of the prerequisites for reconsideration of its prior Order (or extraordinary circumstances warranting the tolling of the statute of limitations). Consequently, the Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

DATED: November 20, 2014

                                            Hon. Jeffrey T. Miller
                                            United States District Judge

cc:        All parties