# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>                 Plaintiff,<br>vs.<br>WILLIAM JOHN GREEN,<br>                 Defendant. | CASE NO. 11cr938-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 305, 318]** |
|---|---|

William Green pled guilty in 2013 to possession of images of minors engaged in sexually explicit conduct in violation of 8 U.S.C. §2252(a)(4). The Court imposed a total custodial sentence of 87 months, followed by 10 years of supervised release. In 2020 Green violated the terms of his supervised release and the Court sentenced him to an additional 18 months custody, followed by 10 additional years of supervised release. He is currently incarcerated at MDC Los Angeles and scheduled to be released from Bureau of Prisons (BOP) custody on November 11, 2021. Green has moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), urging the Court to reduce his sentence to time served because he suffers from multiple medical conditions including congestive heart failure, kidney failure, and a history of traumatic brain injuries with loss of consciousness.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a defendant's term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds "extraordinary and compelling reasons warrant such a reduction." In sentencing Green for violating supervised release (in the midst of the COVD-19 pandemic), the Court considered the application of all factors under § 3553(a). In particular, and relevant to Green's § 3582 motion, the Court chose an 18 month sentence, rather than a 24 month sentence, partly because of his age, medical conditions, and susceptibility to COVID-19.

Green's age (73) and heart condition are both risk factors identified by the Centers for Disease Control known to place people at a higher risk of suffering serious illness from COVID-19. The Government acknowledges these risk factors and concedes that Green's chronic conditions in combination with the COVID-19 pandemic establish 'extraordinary and compelling' reasons (ECF 306, p. 5). But the Government argues this Court lacks jurisdiction to grant Green's motion because he is currently appealing his sentence for violations of supervised release. Despite its jurisdictional argument, the Government urges the Court to deny the motion on the merits.

Green disputes the Government's jurisdictional argument, and asks for an indicative ruling pursuant to Fed. R. Crim. P. 37 (ECF 305-1 at 3, FN 1). That rule provides that, where a district court lacks authority to grant a motion because an appeal is pending, the court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *United States v. Barrett*, 834 Fed. App'x 264, 265 (7th Cir. 2021) (affirming denial of compassionate release motion where defendant had pending criminal appeal). This Court elects to issue an indicated ruling.

The Court credits Green's contention that his medical issues place him at risk from COVID-19. However, medical conditions alone don't automatically

- 2 -

warrant early release under § 3582(c)(1)(A). Absent evidence that Green's medical conditions can't or haven't been managed effectively by the BOP, his medical condition doesn't compel granting him early release. *See, e.g., United States v. Williams*, No. 2:13-cr-383 TLN, 2020 WL 3402439 at *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under § 3582(c)(1)(A)).)

The Court previously considered Green's medical condition, it imposed a mitigated sentence following his violation of supervised release. His effort to advance the same justification now isn't persuasive. While Green asserts that the BOP has failed to provide needed outside consults and care by specialists – especially cardiac care and defibrillator/pacemaker monitoring – his allegations are completely conclusory (ECF 318, at p. 6). He has not, for example, produced evidence that the BOP is unable to properly treat him or adequately safeguard his health and safety during the remainder of his sentence. To the contrary, medical records from the facility where Green is housed demonstrate that his medical condition *has* been properly managed by the BOP. As a primary example, under BOP medical care, Green recovered from COVID-19 (Dkt. 318 p. 25.) Moreover, a recent medical evaluation conducted on March 25, 2021 upgraded his care level from level 2 to level 3. The medical records also establish that BOP referred Green to a neurologist for evaluation and treatment, if necessary. Although Green complains that his request to transfer to a different medical facility was denied, he doesn't explain why transferring him was necessary (ECF 318, p. 61). In sum, and contrary to Green's arguments, the proffered evidence demonstrates that despite Green's concerns, the BOP has provided him adequate and proper medical care.

Even construing Green's medical concerns liberally in his favor, the Court finds the § 3553(a) factors continue to support retention of his original

sentence. Green's violation of supervised release – accessing a pornographic website here he searched for sexually explicit videos and images – marks the third time he has come before this Court for alleged violations of supervised release. (Dkt. 274, p. 4) In the course of adjudicating these allegations, the Court has determined that Green often confabulates and that his assertions can't be trusted. This additional factor weighs heavily against early release and, the Court finds, predominates over alleged concerns about his medical condition.  The Court also determines that considerations of specific deterrence under § 3553(a)(2)(B) and protecting the public under § 3553(a)(2)(C) support leaving Green's supervised release sanction intact.

Green's motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 13, 2021

**HONORABLE LARRY ALAN BURNS**
United States District Judge